**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000483
11-AUG-2022
07:46 AM
Dkt. 39 SO**

NO. CAAP-18-0000483

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JAMES H. **Anzai**, Plaintiff-Appellant,
v.
STATE OF HAWAIʻI, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC18100030K)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Self-represented Plaintiff-Appellant James H. **Anzai** appeals from the Final Judgment in favor of Defendant-Appellee **State** of Hawaiʻi entered by the Circuit Court of the Third Circuit on July 2, 2018.[1] For the reasons explained below, we affirm the Final Judgment.

Anzai filed a complaint against the State on February 12, 2018. The State filed a Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(b)(6) motion to dismiss the complaint. On July 2, 2018, the circuit court entered an order granting the State's motion to dismiss. The Final Judgment was also entered on July 2, 2018. This appeal followed.[2]

---

[1] The Honorable Robert D.S. Kim presided.

[2] Anzai's opening brief does not comply with Hawaiʻi Rules of Appellate Procedure Rule 28. Nevertheless, the Hawaiʻi Supreme Court
(continued...)

"A circuit court's ruling on a motion to dismiss is reviewed de novo." Bank of America, N.A. v. Reyes-Toledo, 143 Hawai‘i 249, 256, 428 P.3d 761, 768 (2018). We apply the same standard applied by a circuit court:

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim that would entitle [them] to relief. The appellate court must therefore view a plaintiff's complaint in a light most favorable to [them] in order to determine whether the allegations contained therein could warrant relief under any alternative theory. For this reason, in reviewing a circuit court's order dismissing a complaint . . . the appellate court's consideration is strictly limited to the allegations of the complaint, and the appellate court must deem those allegations to be true.

Id. at 257, 428 P.3d at 769 (citation omitted). "However, in weighing the allegations of the complaint as against a motion to dismiss, the court is not required to accept conclusory allegations on the legal effect of the events alleged." Kealoha v. Machado, 131 Hawai‘i 62, 74, 315 P.3d 213, 225 (2013).

Anzai's complaint sought a "declaration of native Hawaiian inalienable vested rights and is base[d] on my genealogy of records and the factual background of my ancestor to whom was a konohiki, and his rights in the land division (Ahupua‘a) including his private fishery." Attached to the complaint were documents purporting to show that Anzai is a descendant of Holowai, the konohiki of Kiholo, Kona, under Kamehameha I. On March 22, 2018, Anzai filed a "Motion for a Declaration of Rights[.]" Anzai's motion clarified that he sought a declaration that he was entitled, as a descendent of Holowai, to "vested rights in and to the ahupua‘a of Puu wa‘a wa‘a and the private fishery of Kiholo Bay."

---

[2](...continued)
instructs that to promote access to justice, pleadings prepared by self-represented litigants should be interpreted liberally, and self-represented litigants should not automatically be foreclosed from appellate review because they fail to comply with court rules. Erum v. Llego, 147 Hawai‘i 368, 380-81, 465 P.3d 815, 827-28 (2020).

The State's motion to dismiss presented copies of: (1) Anzai's complaint, the order granting the State's amended motion to dismiss, and the final judgment against Anzai and in favor of the State in Anzai v. State, Civil No. 13-1-662K, Third Circuit, State of Hawai‘i (Anzai I); (2) Anzai's complaint, the order granting the State's motion to dismiss, and the final judgment against Anzai and in favor of the State in Anzai v. State, Civil No. 15-1-364K, Third Circuit, State of Hawai‘i (Anzai II); and (3) Anzai's complaint, the order granting the State's motion to dismiss, and a final judgment against Anzai and in favor of the State in Anzai v. State, Civil No. 16-1-378K, Third Circuit, State of Hawai‘i (Anzai III). The State contended that Anzai's complaint was barred by the doctrines of claim preclusion and issue preclusion.

The complaint in Anzai I alleged that Anzai was a descendent of Holowai, "the konohiki of kiholo, kona under Kamehameha I." The complaint prayed for a declaration that Anzai was entitled to "traditional and customary rights reffering [sic] and relating into [sic] the ahupua‘a of Pu[‘]uwa‘awa‘a[.]" The circuit court granted the State's motion to dismiss. A judgment in favor of the State and against Anzai was entered on February 23, 2016.

The complaint in Anzai II alleged that Anzai was a descendent of Holowai, "the konohiki of Kiholo Kona under Kamehameha I." The complaint prayed for a declaration that Anzai was entitled to "inalienable jurisdictional vested konohiki rights into [sic] the ahupua‘a of Pu[‘]u wa‘a wa‘a[.]" The circuit court granted the State's motion to dismiss. A judgment in favor of the State and against Anzai was entered on April 6, 2016.

The complaint in Anzai III alleged that Anzai was a descendent of Holowai, "the Konohiki of Kiholo, Kona, under Kamehameha I." The complaint prayed for an injunction against trespassing in the private fishery and request that the access gate to Kiholo bay [sic] be secure [sic] and lock [sic] from the public's access." The circuit court granted the State's motion

to dismiss. A judgment in favor of the State and against Anzai was entered on December 7, 2017.

In this case, the order granting the State's motion to dismiss stated:

> 1. The issue of whether [Anzai] has a special interest in Kiholo Bay was decided in 3 separate cases: [Anzai I, Anzai II, and Anzai III] (collectively "Anzai cases"), and is identical to the issue in this case;
>
> 2. [Anzai] made the same or substantially similar arguments in the Anzai cases;
>
> 3. There are three final judgments on the merits in the Anzai cases;
>
> 4. The issue of whether [Anzai] has a special interest in Kiholo Bay was essential to the final judgments in the Anzai cases; and
>
> 5. [Anzai] was party to the Anzai cases.
>
> 6. The doctrines of collateral estoppel and/or res judicata bar [Anzai]'s claims set forth in the Complaint filed on February 12, 2018.
>
> [Anzai]'s Complaint, filed on February 12, 2018, is hereby dismissed as to all claims against Defendant State of Hawaiʻi.

Res judicata (claim preclusion) and collateral estoppel (issue preclusion) are legal doctrines that limit a party to one opportunity to litigate a case to prevent inconsistent results among multiple suits, and to promote finality and judicial economy. Bremer v. Weeks, 104 Hawaiʻi 43, 53, 85 P.3d 150, 160 (2004). They are, however, separate doctrines that involve distinct questions of law. Id.

Claim preclusion "prohibits a party from relitigating a previously adjudicated cause of action." Bremer, 104 Hawaiʻi at 53, 85 P.3d at 160 (citation omitted). The party asserting claim preclusion has the burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question. Id. at 54, 85 P.3d at 161.

Issue preclusion "applies to a subsequent suit between the parties or their privies on a <u>different</u> cause of action and prevents the parties or their privies from relitigating <u>any issue</u> that was actually litigated and finally decided in the earlier action." <u>Bremer</u>, 104 Hawaiʻi at 54, 85 P.3d at 161 (emphasis in original) (citation omitted). The party asserting issue preclusion must establish that (1) the issue decided in the prior suit is identical to the one presented in the action in question; (2) there is a final judgment on the merits; (3) the issue decided in the prior suit was essential to the final judgment; and (4) the party against whom issue preclusion is asserted was a party, or is in privity with a party, to the prior suit. <u>Id.</u> It is not necessary that the party asserting issue preclusion in the second suit was a party in the first suit. <u>Id.</u>

The circuit court did not err by applying the doctrines of collateral estoppel (issue preclusion) and/or res judicata (claim preclusion) to bar Anzai's claims set forth in his fourth complaint against the State. Anzai's arguments that the circuit court's application of issue preclusion and claim preclusion violated his rights under the Hawaiʻi Constitution and the United States Constitution cite no supporting authority, and are without merit.

For the foregoing reasons, the Final Judgment entered by the circuit court on July 2, 2018, is affirmed.

DATED: Honolulu, Hawaiʻi, August 11, 2022.

On the briefs:

James H. Anzai,
Self-represented Plaintiff-
Appellant.

William J. Wynhoff,
Cindy Y. Young,
Deputy Attorneys General,
State of Hawaiʻi,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge